Jos. Howe *et al.*, Appellants, v. W. M. Howe *et al.*

Tenancy in Common: What Terminates. Where heirs to land agree that one of them shall procure a tax title and convey it to their mother, the tenancy in common ends. (1)

SAME: ADVERSE POSSESSION. If the mother agrees that the tax title procured shall vest in the heir who procures it, and he takes possession of the land and pays taxes upon it, such possession is adverse to the other heirs. (2)

*Appeal from Linn District Court.*—Hon. James D. Giffen, Judge.

SATURDAY, MAY 12, 1894.

ACTION in equity to quiet title to a certain four acre tract of land. Decree was entered dismissing plaintiffs' petition, from which decree they appeal.—*Affirmed.*

*Rickel, Crocker & Christie* for appellants.

*Davis & Voris* for appellees.

GIVEN, J.—I. Morris Howe died intestate about the year 1857, seized of the four acres of land in controversy. The plaintiffs and defendants are all heirs at law of the said Morris Howe, some being his children, others being his grandchildren, and each entitled to a share in said land, unless such right is defeated by the facts alleged and proven. The following facts appear without dispute, or are fairly established by the evidence: Morris Howe left surviving him Matilda Howe, his widow, who continued to occupy and reside upon the land after his death until about the year 1873 or 1874, when the dwelling house was destroyed by fire, after which she resided at Troy, in Linn county, until her death, in 1882. After the death of Morris Howe it was agreed among his children that their mother, Matilda Howe, was to have the land, and that, in order to carry out that agreement, John A. Howe was to procure a tax deed running to him, and was then to deed the land to Mrs. Howe. Mrs. Howe paid the taxes up to and including 1874.. In 1876 the land was sold for the taxes of 1875, and John A. Howe afterward procured an assignment of the certificate, on which he received a treasurer's deed on July 30, 1881, which was recorded August 3, 1881. After the destruction of the dwelling, the land was only available for use

as a pasture, and of but little value for that, the value of its use not being equal to the amount of its taxes. For these reasons Mrs. Howe declined to pay any more taxes, and so informed John A. Howe, and also told him that he could have the land if he wanted to take it and pay the taxes. John A. Howe took sole possession of the land in 1876 or 1877, built some fence thereon, and continued to occupy it and to pay the taxes up to the time of his death, in 1886. Because of his agreement with his mother that he should take the land, he never executed a conveyance to her after acquiring the tax title. · John A. Howe left a will devising this land to the defendants, his children, and they have been in sole possession and have paid all taxes since his death. Neither of the plaintiffs, nor any person for them, has at any time prior to the commencement of this action asserted any claim or right in said land, or to the rents thereof, nor have they offered to pay the taxes or to refund any part of the taxes paid.

II. Plaintiffs rely upon the familiar rule that seisin and possession of one tenant in common is the seisin and possession of the others, and therefore contend that the seisin and possession of John A. Howe and of the defendants was not adverse. If the agreement among the children of Mrs. and Mr. Howe to give the land to their mother was effectual, then they are not tenants in common. True, they make no conveyance or written promise to convey to their mother, but did agree that an adverse title—a tax title—should be permitted to accrue to John A. Howe, which he was to convey to their mother, and thereby invest her with her ownership of the land. · If John A. Howe had conveyed to his mother after he acquired the tax title, these heirs could not well question her ownership. He did not convey, because of the subsequent agreement between him and his mother that he should keep the land. It is quite clear, we think, that the children

of Morris Howe, having thus agreed to part with their interest in this piece of land, were not, therefore, tenants in common.   There is no doubt but that John A. Howe and these defendants have been in possession all these years under a claim of right based upon the foregoing facts, and we think it fairly appears from the circumstances that the plaintiffs, or those under whom they claim, knew that John A. Howe was claiming the land adversely to them.   It may be true, as claimed, that Mrs. Howe furnished the money to buy the tax certificate, and that the tax deed is void because of an insufficient description; but the fact remains that the children of Morris Howe agreed that the land should go to their mother by means of a tax title, that that tax title was procured and that she agreed that John A. Howe should retain it.   It is said that a tenant in common can not acquire a tax title as against his cotenants.   That rule does not apply in the face of such agreement as we find to have been made in this case. It is unnecessary that we discuss the facts further.   Our conclusion is that, by the agreement to give their interest in the land to their mother, the children of Morris Howe parted with that interest, and that the possession of John A. Howe, and of the defendants under him, was open, notorious, and adverse, and known to the plaintiffs, or to those under whom they claim, to have been so.   The decree of the district court is AFFIRMED.